UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

STEVEN E. GORRELL, on behalf of )
himself and all others similarly situated, )
)
Plaintiff, )
)
v. ) Case No.: 5:21-CV-00129
)
WAKE COUNTY, )
)
Defendant. )

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

NOW COME Plaintiff Steven Gorrell ("Named Plaintiff"), on his own behalf and on behalf of all individuals who have filed consents to join the case (collectively the "Plaintiffs"), by and through their counsel, and Defendant Wake County ("Defendant"), by and through its counsel, and jointly petition this Court for entry of an Order approving their settlement of this action and dismissing this action with prejudice. A copy of the Settlement Agreement and Release (the "Settlement Agreement") is attached hereto as Exhibit A.

In support of this motion, Plaintiffs and Defendant (collectively the "Parties") state as follows:

1. On March 16, 2021, Named Plaintiff filed his Complaint in this putative collective action, asserting a single claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. [D.E. 1.]

2. Defendant executed a Waiver of Service on March 26, 2021, rendering Defendant's response to the Complaint due on or about May 24, 2021.

3. In an effort to preserve time, expenses, and judicial resources, the Parties submitted their Joint Motion Requesting a Stay of Litigation to enable the Parties to participate in non-

binding mediation prior to engaging in formal discovery and protracted litigation, which the Court granted on May 18, 2021. [D.E. 26, 27.]

4. The Parties also agreed to toll the statute of limitations under the FLSA for any putative FLSA collective action member who opted into the action by filing a written consent with the Court pursuant to pursuant to 29 U.S.C. § 216(b).

5. On July 21, 2021, after assessing the ramifications of N.C. Gen. Stat. § 153A-98, which statutorily prohibits Defendant from producing certain confidential personnel information requested by Named Plaintiff for individuals who had not yet opted into the action under 29 U.S.C. § 216(b), the Parties filed their Joint Motion to Lift Stay and Extend Case Deadlines, and Named Plaintiff filed his Unopposed Motion for Conditional Class Certification and Court-Supervised Notice Under 29 U.S.C. § 216(b) ("Unopposed Motion for Conditional Certification"). [D.E. 35, 36.] As stipulated by the Parties, the goal of the filings was to allow notice to be disseminated to putative collective action members, thereby allowing Defendant to produce personnel information for those who affirmatively chose to opt into this action and become parties thereto, while withholding confidential information for those who did not opt in. The Parties would then partake in mediation.

6. On July 26, 2021, the Court granted the Parties' Joint Motion to Lift Stay and Extend Case Deadlines and Named Plaintiff's Unopposed Motion for Conditional Certification. [D.E. 38, 39.]

7. On or around August 12, 2021, Plaintiffs' counsel disseminated Court-issued notice to putative collective action members, providing said individuals until October 11, 2021 to opt into the action pursuant to 29 U.S.C. § 216(b).

8. Following the Court's rulings, the Parties stipulated that mediation would occur on October 19, 2021.

9. In anticipation of mediation, Defendant produced scheduling records, time records, and pay records for all Plaintiffs, from March 16, 2018 through the present, in addition to relevant policies and emails. The Parties also partook in pre-mediation conferences on September 29 and October 13, 2021, during which the Parties openly discussed Defendant's methodology and processes for calculating alleged back pay damages for all Plaintiffs.

10. On October 25, 2021, the Parties filed a Joint Motion to Extend Case Deadlines, as Plaintiffs' counsel continued to receive timely postmarked consent forms from putative collective action members through just days prior to the then-scheduled mediation, and Plaintiffs' counsel requested additional time to review the documents produced by Defendant, including for those individuals who filed their consent forms shortly before the then-scheduled mediation. [D.E. 48.]

11. On October 27, 2021, the Court granted the Parties' Joint Motion to Extend Case Deadlines, providing the parties through December 10, 2021 to mediate the matter. [D.E. 50.]

12. On December 8, 2021, the Parties mediated the action, ultimately culminating in an agreement to settle all elements of Plaintiffs' damages under the FLSA except for attorneys' fees and costs that Plaintiffs' counsel is eligible to recover, which the Parties have agreed to brief in accordance with Rule 7.1 of the Local Civil Rules for the United States District Court for the Eastern District of North Carolina. The Settlement Agreement sets forth in detail the terms of settlement agreed upon between the Parties.

13. As set out more fully in the Memorandum in Support of Joint Motion to Approve Settlement Agreement filed contemporaneously herewith, the settlement reached by the Parties represents a fair, just, and reasonable resolution of Plaintiffs' FLSA claim.

14. The Parties engaged in arms-length settlement negotiations in resolution of a *bona fide* dispute between the Parties. By entering into this settlement, the Parties conserved substantial time and expense that would have been required had the case been further litigated and/or advanced to trial.

15. Attorneys' fees and costs are to be briefed separately in an effort to enable Plaintiffs to recover all sums allegedly due to them under the FLSA without implicating any conflicts or otherwise derailing their fair, just, and reasonable recovery based on attorneys' fees and costs alone. The Parties have agreed to fully allow the Court to determine, in its discretion, the amount of attorneys' fees and costs recoverable by Plaintiffs' counsel.

16. Conditioned upon Plaintiffs' receipt of the payments described in Section 3 of the Settlement Agreement, Plaintiffs acknowledge that they will have received all wages and benefits to which they are entitled as it relates to this action.

17. If the Settlement Agreement is approved, there will be no remaining matters in dispute between the Parties with regard to the claim raised in this action, notwithstanding the Parties' contemporaneous briefing on attorneys' fees and costs recoverable by Plaintiffs' counsel, and this action should be dismissed with prejudice.

WHEREFORE, the Parties respectfully request that the Court grant their joint motion, enter an order approving the Settlement Agreement, and dismiss this action with prejudice.

Respectfully submitted, this January 7, 2022

| OXENDINE BARNES & ASSOCIATES PLLC | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
|---|---|
| By: */s/ Ryan D. Oxendine*_____<br>Ryan D. Oxendine (NC State Bar # 27595)<br>James A. Barnes IV (NC State Bar # 33356) | By: */s/ Kevin S. Joyner*<br>Kevin S. Joyner (NC Bar No. 25604)<br>Michael B. Cohen (NC Bar No. 50629) |

4

6500 Creedmoor Rd., Suite 100
Raleigh, NC 27613
Telephone: 919-848-4333
Fax: 919-848-4707
ryan@oxendinebarnes.com
jim@oxendinebarnes.com

*Attorneys for Plaintiff*

8529 Six Forks Road, Suite 600
Raleigh, North Carolina 27615
Phone: 919-787-9700
Facsimile: 919-783-9412
Kevin.joyner@ogletree.com
Michael.Cohen@ogletree.com

*Attorneys for Defendant Wake County*

**WAKE COUNTY GOVERNMENT**

By: */s/ Roger A. Askew*
Roger A. Askew (N.C. State Bar No. 18081)
Jennifer M. Jones (N.C. State Bar No. 28673)
County Attorney's Office
P.O. Box 550
Raleigh, NC 27602
Telephone: (919) 856-5500
Fax: (919) 856-5504
Roger.askew@wakegov.com
Jennifer.jones@wakegov.com

*Attorneys for Defendant Wake County*

49632667.1